ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 FEB 28 PM 3: 43

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JEAN CLAUDE MILFORD,            )
                                )
        Plaintiff,              )
                                )
v.                              )   CV 303-059
                                )
CAPTAIN RODRIGUEZ, et al.,      )
                                )
        Defendants.             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at McRae Correctional Facility ("MCF") in McRae, Georgia, commenced the above-styled case pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). The instant case has lain dormant for over a year. The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983).[1] Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny . . . failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c); see also Fed. R. Civ. P. 41(b).

The test for determining the appropriateness of dismissal is whether there is "a clear

---

[1] See also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's utter failure to take any action in regard to his case for over a year clearly amounts to such a record.[2] Plaintiff has saddled the Court with a stagnant case. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a pro se case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply dismissing the case without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it.</u>

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.[4]

SO REPORTED and RECOMMENDED this 28th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court warned Plaintiff on two separate occasions that if he failed to "press the case forward," the Court would "dismiss it for want of prosecution." (Doc. no. 13, p. 5; doc. no. 18, pp. 4-5).

[3] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

[4] Of course, if Plaintiff is able to show cause why this case should not be dismissed, he may do so by filing objections to the instant Report and Recommendation.

2